IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HENRY REED,

    Petitioner,                      No. CIV-S-07-0595 WBS KJM P

    vs.

WARDEN CLAY, et al.,

    Respondents.                 FINDINGS AND RECOMMENDATIONS

                             /

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus based on 28 U.S.C. § 2254. Petitioner challenges his Sacramento County conviction for selling cocaine. On June 7, 2007, respondents filed a motion asking that this action be dismissed without prejudice because petitioner is currently seeking collateral relief in the California Supreme Court with respect to the enhancement of his sentence through application of a "strike." See Resp'ts' Lodged Doc. #19. Respondents cite the principles set forth in Younger v. Harris, 401 U.S. 37 (1971) in support of their motion. Petitioner has opposed the motion. Respondents have not filed a reply.

        In Younger, the Supreme Court held that federal courts should not enjoin a pending state criminal proceeding except in situations where an injunction is necessary to prevent great and immediate irreparable injury. 401 U.S. at 43-44; see also Ohio Civil Rights Comm'n v.

1

1  Dayton Christian Schools, Inc., 477 U.S. 619, 626 (1986).  Younger has been extended to
2  support abstention in federal civil cases where ongoing state matters are pending, and where
3  important state interests are involved.  See Ohio Civil Rights Comm'n, 477 U.S. at 627;
4  Columbia Basin Apartment Association v. City of Pasco, 268 F.3d 791 (9th Cir. 2001).  Absent
5  extraordinary circumstances, "[a] district court should abstain under Younger when: (1) there are
6  ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3)
7  the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims."
8  Meredith v. Oregon, 321 F.3d 807, 816-17, as amended, 326 F.3d 1030 (9th Cir. 2003).  A case
9  must be dismissed when the Younger doctrine applies. Id.

10             In the instant matter, petitioner's most recent state habeas petition raises questions
11 solely directed to the application of state sentencing laws.  Respondents have not disputed that
12 petitioner previously has exhausted the federal claims he is now pursuing in this court.  Thus, the
13 principles of Younger are not implicated.  Moreover, the resolution of petitioner's pending state
14 claim will have no bearing upon the resolution of the petition raising constitutional questions
15 currently before this court; the considerations at play in Colorado River Water Conservation
16 District v. United States, 424 U.S. 800 (1976) and County of Allegheny v. Frank Mashuda Co.,
17 360 U.S. 185 (1959) are not at issue here.

18             Accordingly, IT IS HEREBY RECOMMENDED that:
19             1.  Respondents' June 7, 2007 motion to dismiss be denied; and
20             2.  Respondents be directed to file their answer with 60 days of any order adopting
21 the foregoing findings and recommendations.

22             These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
24 days after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

1  shall be served and filed within ten days after service of the objections.  The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: July 13, 2007.

　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE

1/am
reed0595.57